Filed 1/20/21  P. v. Taylor CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B302929 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA148198) |
| v. | |
| TRACY TAYLOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Danette J. Gomez, Judge.  Reversed and remanded with directions.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, William H. Shin and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

A jury found defendant Tracy Taylor guilty on two counts of assault and two counts of making criminal threats against two victims.  On appeal, defendant contends that the trial court erred by failing to stay under Penal Code section 654[1] the execution of his sentences on the two assault counts.  According to defendant, because those two counts were based upon the same indivisible course of conduct as the criminal threats counts on which he was sentenced, the sentences imposed for the assaults should have been stayed.  Defendant also contends that the court erred by sentencing him on each of the criminal threats counts because the multiple-victim exception to section 654 did not apply to those crimes.

We reverse defendant's sentences on the two assault counts only and remand the matter to the trial court with directions to stay execution of those sentences and reconsider the amount of the restitution and the parole revocation fines imposed under sections 1202.4 and 1202.45.

## II.  FACTUAL BACKGROUND

On February 2, 2019, 18-year-old K.T. and her mother left their home to walk to K.T.'s high school.  As the two women walked toward the school, K.T. saw defendant, who had previously dated K.T.'s mother, across the street.  When the women crossed to defendant's side of the street, he stopped, turned to face them, and asked why they were following him.

---

[1]     All statutory references are to the Penal Code.

Defendant then lifted his shirt, and K.T. saw the handle of a black gun as defendant angrily yelled to K.T.'s mother, "'I'll kill you and your baby, bitch.'" At that point, defendant pulled what appeared to be a gun from his waistband and pointed it at both K.T. and her mother, moving it back and forth for about a minute.[2] Afraid that defendant would shoot her, K.T. reached out to her mother and both began backing up. She and her mother then ran across the street and, without looking back at defendant, proceeded home.

## III.   PROCEDURAL BACKGROUND

In an information, the Los Angeles County District Attorney charged defendant in count 1 with the February 2, 2019, assault of K.T.'s mother with a firearm in violation of section 245, subdivision (a)(2); in count 2 with the February 2 assault of K.T. with a firearm in violation of section 245, subdivision (a)(2); in count 3 with making criminal threats against K.T.'s mother on February 2 in violation of section 422, subdivision (a); and in count 4 with making criminal threats against K.T. on February 2 in violation of section 422, subdivision (a).[3]

---

[2]    According to K.T.'s mother, defendant lifted his shirt and pulled a gun partially from his waistband, but did not completely remove it from his pants or point it at her.

[3]    The information also charged defendant in count 5 with making criminal threats against K.T.'s mother during a subsequent incident on February 12, 2019, and in count 6 with being a felon in possession of a firearm.

Following trial, the jury found defendant guilty of the lesser included offense of assault in violation of section 240 on counts 1 and 2, and guilty as charged on counts 3 and 4.[4] Defendant submitted a sentencing memorandum arguing, among other things, that his actions constituted a single course of conduct. The trial court sentenced defendant on count 3—criminal threats against K.T.'s mother—to a base term of two years; on count 4—criminal threats against K.T.—to a concurrent two-year-term; and on counts 1 and 2—the assaults of K.T. and her mother—to concurrent terms of six months each.[5]

In addition to imposing court operation and criminal conviction assessments on each count, the trial court imposed a restitution fine under section 1202.4 as follows: "The court also orders a restitution fine in the formula set out by [] section 1202.4 sub[division] (b)(2), which takes $200 [and] multiplies it by the [number of] years [to which] he's sentenced . . . [,] which is two[,] times the [number of] counts[,] which is a total of five[,] or for an amount of $2,000 of restitution fine . . . ."[6] In addition, the court awarded defendant 505 days of presentence custody credit.

---

[4] The jury also found defendant guilty on count 6, but not guilty on count 5.

[5] The trial court sentenced defendant on count 6 to a concurrent two-year term.

[6] The court also imposed, but stayed, a parole revocation restitution fine in the same amount under section 1202.45.

4

## IV. DISCUSSION

A.    *Stay of Sentences on the Two Assault Counts*

Defendant contends that the trial court erred by imposing sentences on counts 1 and 2 for the assaults of K.T. and her mother.  According to defendant, execution of those sentences should have been stayed under section 654[7] because those counts were based on the same indivisible course of conduct as the criminal threats counts for the same two victims.

Defendant "may raise the applicability of section 654 on appeal even if no objection was made in the trial court."  (*People v. Leonard* (2014) 228 Cal.App.4th 465, 499.)  We review the trial court's implied determination that section 654 did not apply for substantial evidence.  (*Ibid.*)

The Attorney General concedes, and we agree, that the trial court's implicit finding that section 654 did not apply is not supported by substantial evidence.  Both victims testified that the threat to kill them was made contemporaneously with defendant's display of what appeared to be a handgun; and the prosecution argued that defendant's intent to have his statement taken as a serious threat was proven by his simultaneous use of a gun.  The threats against and assaults of the victims were therefore committed as part of an indivisible course of conduct intended to instill fear in them.  Consequently, once the court

---

[7]    Section 654 provides, in pertinent part:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

sentenced defendant to two years on count 3—for criminal threats against K.T.'s mother—and two concurrent years on count 4—for criminal threats against K.T.—it should have stayed execution of the sentences on the two assault counts. (*Neal v. State of California* (1960) 55 Cal.2d 11, 19.)

In the respondent's brief, the Attorney General asserted that defendant's section 654 argument was moot because the award of 505 days of presentence custody credit meant that defendant had already served the six-month sentences on counts 1 and 2 and therefore a reversal of those sentences "would have no effect on [defendant's] custodial time," citing *People v. Travis* (2006) 139 Cal.App.4th 1271, 1280. In his reply brief, defendant argued that the issue was not moot because the restitution fines imposed as punishment by the court had been erroneously calculated using the two assault counts on which execution of sentence should have been stayed, citing *People v. Gaynor* (2019) 42 Cal.App.5th 794 (*Gaynor*).) At oral argument, the Attorney General conceded that defendant's argument was not moot and that reversal under *Gaynor* for the limited purpose of reconsidering defendant's restitution fines was the appropriate remedy. We agree with the parties and therefore reverse defendant's sentences on the two assault counts and remand with directions to stay execution of the sentences on those counts and to reconsider the restitution and parole revocation fines.

B. *Stay of Sentence on the Second Criminal Threats Conviction*

Defendant also contends that the two-year concurrent sentence imposed on count 4—criminal threats against K.T.— should have been stayed under section 654 because the conviction

6

on that count was based on the same course of conduct as count 3—criminal threats against K.T.'s mother.  We disagree.

"'[T]he limitations of section 654 do not apply to crimes of violence against multiple victims.' (*People v. King* (1993) 5 Cal.4th 59, 78 . . . .)" (*People v. Oates* (2004) 32 Cal.4th 1048, 1063.)  The crime of making a criminal threat under section 422, as charged here, is an act of violence within the meaning of the multiple-victim exception to section 654.  (*People v. Solis* (2001) 90 Cal.App.4th 1002, 1024.)[8]  The trial court therefore did not err in sentencing defendant on both counts 3 and 4 because each crime involved a separate act of violence against the person of each victim.

---

[8]    Defendant acknowledges that the imposition of sentence on count 4 was authorized under the multiple-victim exception to section 654 as stated in *People v. Solis*, *supra*, 90 Cal.App.4th at page 1024, but urges us not to follow that precedent.  We decline to do so.

# V.    DISPOSITION

The judgment is reversed and the matter is remanded with directions to stay execution of the sentences imposed on counts 1 and 2 and to reconsider the amounts of the restitution fine imposed under section 1202.4 and the parole revocation fine imposed under section 1202.45.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.